GETER, *Guardian,* v. ULRICH.

No. 2084.    Opinion Filed October 15, 1912.

(127 Pac. 387.)

1. **APPEAL AND ERROR** — Findings of Referee — Conclusiveness. When a referee has reported to the court his findings of fact, together with all the evidence submitted to him, under a decree providing that the court, after receiving the report, shall hear the case upon the whole record, the cause will not be reversed because the court overrules a motion to recommit to the referee for the purpose of allowing one of the parties to file exceptions before the referee, where the court subsequently hears the case on the whole record, and where the desired exceptions are not in the record, and it cannot be ascertained whether the party complaining has suffered material injury by the ruling.

2. **SAME.** A finding of fact, which has been determined on conflicting evidence by the referee, and subsequently by the court, will not be disturbed in this court, where there is evidence reasonably supporting the finding.

(Syllabus by Ames, C.)

Geter, Guardian, v. Ulrich.

*Error from District Court, Okmulgee County;*
*W. L. Barnum, Judge.*

Action by Daniel Geter, guardian of Dollie Corbray, against Charles E. Ulrich to set aside and cancel a deed on the ground that Dollie Corbray, the grantor, at the time of the execution thereof was insane. Judgment for defendant, and plaintiff brings error. Affirmed.

*Herbert E. Smith,* for plaintiff in error.

*William M. Matthews, Ralph H. Ellison,* and *Mark L. Bozarth,* for defendant in error.

Opinion by AMES, C. The various assignments of error in this case resolve themselves into two propositions: First, whether the district court committed error in overruling the motion of the plaintiff to re-refer the case to the referee; and, second, whether the judgment of the court is supported by the evidence.

After the issues had been made up, by agreement, the cause was referred to a referee to hear the evidence produced by the parties, to report his findings of fact to the court and a transcript of all the testimony, with a provision that upon the filing of the referee's report the case would be heard by the court upon the whole record, including the evidence and the report of the referee "on such exceptions as the parties may desire to file." After all the evidence had been taken, the referee reported it to the court, together with his findings of fact. The plaintiff thereupon filed a motion to recommit the cause to the referee, because the referee had filed his report without previous notice to the plaintiff, and because he had no opportunity to file exceptions before the referee, and in order that he might have such an opportunity. This motion was sustained and the cause re-referred. Thereupon the plaintiff submitted to the referee a bill of exceptions, which the referee declined to sign, because the same was not true and correct, and returned the same to the plaintiff, so that he might have an opportunity of presenting a true bill of exceptions. Thereafter the plaintiff submitted to the referee a second

bill of exceptions, which the referee again declined to sign, because it was also "untrue, incorrect, and misleading." The referee thereupon filed a supplemental report setting up these facts, but not returning to the court the bill of exceptions submitted by the plaintiff. Thereafter the plaintiff filed another motion to recommit the cause to the referee, for the purpose of allowing the plaintiff to file objections and exceptions to the report. This motion was overruled by the court. Thereupon the defendant filed a motion that the report of the referee be confirmed. This motion was sustained, and the court thereupon filed in the cause his findings of fact and conclusions of law, and a decree for the defendant.

We cannot determine whether or not the proposed bill of exceptions submitted by the plaintiff to the referee was untrue or misleading, for the reason that it is not in the record, and therefore we cannot say whether the plaintiff was materially prejudiced by the action of the court. It is elementary that error must be shown, and that it will not be presumed by this court. All of the evidence presented to the referee was returned by him. No complaint is made here that any of the evidence was omitted. The court in passing upon the case had all of the evidence before him; and, it not appearing that the plaintiff was in any way prejudiced by the overruling of his motion to recommit, the cause cannot be reversed for that reason.

The other error assigned is that the finding of the referee and the finding of the court that Dollie Corbray was of sound mind at the time the deed was executed is not supported by the evidence. Many witnesses were examined before the referee, and upon conflicting evidence he found that she was of sound mind. The journal entry recites that the court heard the evidence and arguments of counsel, and that the deed she executed was valid, and that she was capable of executing it. This finding of fact upon conflicting evidence will not be disturbed here, under the well-settled rule of this court; there being the testimony of many witnesses tending to support the finding.

All of the errors discussed in the brief relate to these two subjects, and for the reasons stated we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.